# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIRST NIAGARA RISK MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN A. FOLINO, <br><br> Defendant. | CIVIL ACTION NO. 16-1779 <br><br> **STIPULATED PRELIMINARY INJUNCTION** |

## ORDER

AND NOW, this 21st day of April, 2016, upon consideration of the Motion for Preliminary Injunction of Plaintiff First Niagara Risk Management, Inc. ("Plaintiff" or "FNRM") (docket no. 3), and after a hearing this day, and it being stipulated by the parties, it is hereby ORDERED that:

1. Defendant John A. Folino ("Defendant" or "Folino") is PRELIMINARILY ENJOINED from directly or indirectly: (a) employing or soliciting for any employment or services any of FNRM's employees; (b) influencing or seeking to influence any employee to leave FNRM's employ; (c) calling upon or soliciting, whether directly or indirectly through another entity or person, any client, customer, prospect or referral with whom Folino had business contact or provided services to, either alone or with others, while employed by FNRM, or whose name became known to Folino during his employment with FNRM. For the sake of clarity, Folino is ENJOINED from working for or with Thomas Kolongowski or Trident Risk Advisors, LLC, or RTI Insurance Services of Florida, Inc. ("RTI"), directly or indirectly, to the extent that Kolongowski and/or Trident Risk Advisors LLC and/or RTI are soliciting or doing business with clients, customers, prospects or referrals with whom Folino had business contact or

provided services or whose names became known to Folino during his employ by FNRM. This does not apply to RTI's personal lines business in Florida;

2. Folino is PRELIMINARILY ENJOINED from directly or indirectly, either individually or in concert with others, suppressing, concealing, altering, and/or destroying information relating to this Civil Action or Plaintiff's Civil Action against Kolongowski, including, but not limited to, information on the personal computers, or other communications or storage devices of either Defendant or Kolongowski, and/or in hard copy format;

3. On or before five (5) business days from the date of this Order, Defendant will make available for imaging and forensic examination at the Pittsburgh offices of Burns White, any personal computer, cellphone, tablet or other device that Defendant has used at any time during his employ by Plaintiff to conduct business on behalf of Plaintiff, to interact with employees, customers or prospects of Plaintiff, or to otherwise store information relating to Plaintiff or Plaintiff's business ("Defendant's Devices"). Plaintiff shall have the right to engage an independent third party forensic discovery company, specifically, Epiq eDiscovery Solutions, Inc. ("Epiq") to conduct forensic imaging of Defendant's Devices using a list of key words as search terms, and to provide any documents or information obtained that are relevant in this case or in Plaintiff's Civil Action against Kolongowski as a result of such search, in readable form, available to both parties. Counsel for the parties shall agree upon a list of key words to be used as search terms, as well as a confidentiality protocol, on or before ten (10) business days from the date of this Order. The parties shall share equally Epiq's fees and expenses for the forensic imaging and production of discoverable documents or information in readable form;

4. Plaintiff shall have the right within sixty (60) business days after the date of this Order to take expedited discovery, including the depositions of Defendant Folino at a mutually agreeable location, as well as any other discovery sought in Plaintiff's Motion for Expedited

Discovery, in order for Plaintiff to determine whether Plaintiff is entitled to move for additional injunctive relief; and

     5.     This Order and injunction shall remain in effect until a final judgment has been entered by the Court, unless modified by the Court, and will not prevent either party from seeking additional injunctive relief or damages at any final hearing or trial.

_____            _____
Kelly Dobbs Bunting                                           Jeffrey S. Adler
Counsel for Plaintiff                                           Counsel for Defendant

                                 BY THE COURT:

                                 __/s/ Stewart Dalzell, J.
                                 Stewart Dalzell, J.

PHI 317596817v1